## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ABEL JOSEPH GUERRERO,** | § | |
| **#62580-280** | § | |
| | § | |
| **Movant,** | § | **SA-20-CV-1181-XR** |
| | § | **SA-17-CR-391-XR-14** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

Before the Court is Movant Abel Joseph Guerrero's *pro se* Motion pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") to vacate, set aside, or correct his sentence imposed following a conviction for interference with commerce by threats or violence and conspiracy to possess with intent to distribute methamphetamine and heroin (ECF No. 2091) and the Government's Response in opposition thereto. (ECF No. 2113). For the following reasons, the Section 2255 Motion is **DENIED**.

## BACKGROUND

On May 16, 2018, a federal grand jury returned a Second Superseding Indictment charging Guerrero and seven co-defendants with various drug, firearm, and racketeering offenses based on their involvement in the Texas Mexican Mafia (TMM) from 2015 to 2017.[1] (ECF No. 1052). Specifically, the Second Superseding Indictment charged Guerrero with interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (Count One) and conspiracy to

---

[1] The criminal case involved thirty-seven defendants, however the Second Superseding Indictment named only eight defendants.

distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count Two). Attorney Bertram Oliver Wood, III was appointed to represent Guerrero. (ECF No. 145). Before the grand jury returned the Second Superseding Indictment, Attorney Case J. Darwin was substituted as counsel for Guerrero. (ECF No. 850). On September 18, 2018, Guerrero pleaded guilty to Counts One and Two of the Superseding Indictment without the benefit of a Plea Agreement. (ECF No. 1184).

Thereafter, a United States probation officer prepared a Pre-Sentence Report (PSR). (ECF No. 1683). The PSR calculated a total offense level of 43. (*Id.* at ¶ 69). Guerrero faced a maximum term of imprisonment of twenty years as to Count One. (*Id.* at ¶ 116). As to Count Two, he faced a minimum term of five years of imprisonment and a maximum term of forty years. (*Id.*). Based on a total offense level of 43 and a criminal history category of V, Guerrero faced a life term of imprisonment under the Sentencing Guidelines. (*Id.* at ¶ 117). However, because the statutorily authorized maximum sentence was less than the maximum of the applicable Guidelines range, the Guidelines range was 240 months as to Count One and 480 months in Count Two. (*Id.*).

On October 9, 2019, the Court sentenced Guerrero to a total concurrent term of imprisonment of 288 months. (ECF No. 1706 at 2). Guerrero did not appeal the judgment. On October 1, 2020, the Clerk received and docketed Guerrero's Section 2255 Motion, in which he asserts two grounds for relief. (ECF No. 2091). Thereafter, the Government filed a sealed Response. (ECF No. 2113). The Section 2255 Motion is fully briefed and therefore ripe for review.

**APPLICABLE LAW**

### 1. Legal Standard

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the imposition of the sentence was in violation of the Constitution or the laws of the United States; (2) the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Thus, § 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *See, e.g., United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

### 2. Waiver of the Right to Appeal

A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement as long as the waiver is both knowing and voluntary. *See*, *e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). As the Fifth Circuit stated in *Portillo*:

> [W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.

*McKinney*, 406 F.3d at 746 (quoting *Portillo*, 18 F.3d at 293). A district court must first determine whether the waiver was voluntary and knowing, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at

544 (citing *McKinney*, 406 F.3d at 746–47). A defendant knowingly enters a waiver when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances − even though the defendant may not know the specific detailed consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998).

The Supreme Court's decision in *Boykin v. Alabama* requires a hearing prior to entry of a guilty plea, at which the Court must elicit an affirmative showing that the decision to plead guilty was voluntarily and intelligently made. 395 U.S. 238, 243 (1969); *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring guilty pleas are voluntary and knowing, by requiring a judge to ensure the defendant understands the law governing his crime in relation to the facts of his case, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002).

However, a determination of whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal or collaterally attack his conviction and sentence, does not require the trial court to conclude the defendant has a perfect understanding of the consequences; the Court must only establish the defendant understands the charges and has a realistic understanding of the consequences. *United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir. 1993). The Court must also ensure there was no coercion to enter the guilty plea. *Id.* Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

### 3.  Ineffective Assistance of Counsel

Even if a defendant waives his right to appeal or collaterally attack his plea and sentence, he can avoid those waivers based on a claim of ineffective assistance of counsel if he shows "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, *i.e.*, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a prisoner must demonstrate counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at 687. The failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 688. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that, considering all the circumstances, counsel's representation fell below an objective standard of reasonableness. *Id.* A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 687–89. To determine whether counsel's performance was constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689. An attorney's strategic choices, usually based on information supplied by defendant and from a thorough examination of relevant facts and law, are virtually unchallengeable. *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy this requirement, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695–96. In this analysis, a defendant's sworn statements made to the Court when a guilty plea is entered carry a strong presumption of verity, and the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

With respect to sentencing issues, the prisoner must establish a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 436–8 (5th Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203 (2001).

## DISCUSSION

### 1.  Ground One

In his first ground for relief, Guerrero alleges his counsel rendered ineffective assistance for failing "to disclose full discovery" to him. (ECF No. 2091 at 4). However, even affording Ground One the liberal construction due to claims asserted by *pro se* litigants, Ground One is too vague and conclusory to warrant relief. In the form Section 2255 Motion, Guerrero did not bolster his allegation with any factual details, nor did he file a supporting memorandum or reply to the Government's Response. He fails to specify what the undisclosed discovery was, and how

counsel's failure to disclose it to him amounted to deficient performance. Guerrero makes a passing reference to a protective order entered in this case but provides no further details. Moreover, and critically here, Guerrero fails to demonstrate how counsel's failure to disclose the discovery affected Guerrero's decision to plead guilty. Guerrero's claim is therefore insufficient to warrant habeas relief. *See United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007) (Conclusory allegations of ineffective assistance of counsel are insufficient to warrant an evidentiary hearing or to support relief pursuant to section 2255).

## 2. Ground Two

In his second ground for relief, Guerrero asserts "Fourth, Fifth, Sixth, and Fourteenth Amendment violations" based on the alleged seizure of documents by GEO administrators and federal agents on December 12, 2017. (ECF No. 2091 at 5). He further asserts that, at a hearing on March 19, 2018 regarding the seized documents, he was deprived of effective assistance of counsel. (*Id.*). Ground Two fails for several reasons. First, Guerrero's voluntary and unconditional guilty plea waives all nonjurisdictional defects in the proceeding prior to the entry of the guilty plea. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (citing *Tollett v. Henderson*, 411 U.S. 258 (1973)). Therefore, insofar as Guerrero asserts independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea, his claims are waived.

Additionally, although a valid guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance of counsel claims, a petitioner may raise ineffective assistance claims to the extent that it affected the voluntariness of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant

are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")).

Guerrero does not specify how his counsel performed deficiently at the March 19, 2018 hearing. He further fails to allege that counsel's ineffective assistance affected the voluntariness of his guilty plea. For these reasons, Ground Two is also meritless.

## EVIDENTIARY HEARING

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *Cervantes*, 132 F.3d at 1110). Because the issues presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

## CONCLUSION

Guerrero's claims are too vague and conclusory to warrant habeas relief. Accordingly, Guerrero's Section 2255 Motion is denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the denial of Movant Guerrero's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Abel Joseph Guerrero's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 2091) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**, and this case is now **CLOSED**.

**FINALLY**, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on this 24th day of March, 2021.

_____
Xavier Rodriguez
United States District Judge